## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RECEIVED

MAR 1 0 2008

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

MURAD ABDEL JABBER FAKHOURI
7027 Folger Drive, Charlotte, NC 28270
(704) 342-9645

Plaintiff

VS.

MICHAEL CHERTOFF,
as Secretary of the Department of Homeland Security, U.S.
Department of Homeland Security, et al.

Defendants.

**CIVIL ACTION NO.  07-2257  Judge EGS**

## MOTION IN OPPOSITION OF MOTION TO TRANSFER AND FOR ENLARGEMENT OF TIME TO FILE ANSWER

Plaintiff, proceeding pro se, hereby moves that Defendants' motion to transfer this

case to the Eastern District of North Carolina be denied. Plaintiff further moves that

Defendants' request for a deferral of the deadline for their Answer to Plaintiff's

Complaint be denied. A memorandum of points and authorities is attached hereto.

Date: March 7, 2008

Respectfully Submitted,

Murad Abdel Jabber Fakhouri
A# 073-723-547
N-400 Application SSC*000935530
7027 Folger Drive
Charlotte, NC 28270
(704) 342-9645



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MURAD ABDEL JABBER FAKHOURI
7027 Folger Drive, Charlotte, NC 28270
(704) 342-9645

                Plaintiff

VS.                                  **CIVIL ACTION NO.  07-2257  Judge EGS**

MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security, U.S.
Department of Homeland Security, et al.

                Defendants.

## MEMORANDUM IN SUPPORT OF MOTION IN OPPOSITION OF MOTION TO TRANSFER AND FOR ENLARGEMENT OF TIME TO FILE ANSWER

This case concerns the N-400 Application for Naturalization filed by Plaintiff, in which Plaintiff requests that Defendants adjudicate his application within a reasonable period of time. The nexus between this District and Plaintiff's case is established by the presence of Defendants in this District and by the omissions giving rise to this claim which are based in this District. Because private interests and the interest of justice support denial of the Motion to Transfer, and because public interests do not strongly support granting it, Defendants have failed to meet their burden in moving for transfer and their Motion should be denied.

### STANDARD OF REVIEW

Under 28 U.S.C §1404(a), this Court may transfer a civil action from this District "for the convenience of parties and witnesses, in the interest of justice." A threshold question is whether the case sought to be transferred could initially have been brought in the transferee district. See Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29 (1988)

2

(citing Van Dusen v. Barrack, 376 U.S. 612, 613 (1964)). The Court must then carry out

a case by case analysis, balancing public interests in efficiency and fairness with private

interests (Id. at 29) which this Court has found to include "(1) the plaintiff's choice of

forum, unless the balance of convenience is strongly in favor of the defendants; (2) the

defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience

of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only

to the extent that the witnesses may actually be unavailable for trial in one of the fora;

and (6) the ease of access to sources of proof. Trout Unlimited v. United States Dep't of

Agriculture, 944 F.Supp. 13, 16 (D.D.C. 1996). It is the burden of Defendants to establish

that a transfer is warranted. Id.

## ARGUMENT

## I.    THE COURT SHOULD DENY TRANSFER OF THE CASE TO THE EASTERN DISTRICT OF NORTH CAROLINA.

28 U.S.C § 1391, the general venue statute, establishes that a case such as this

where the Defendants are federal government officials or agencies may be brought (1) "in

any judicial district in which a defendant in the action resides", (2)  the district in which

"a substantial part of the events or omissions giving rise to the claim occurred" or (3)

where "the plaintiff resides if no real property is involved in the action." 28 U.S.C §

1391(e). While Defendants allege that Plaintiff is relying only on the first prong of this

standard (See Memorandum in Support of Motion to Transfer, pg 3), Plaintiff relies on

both the first and the second prong to establish a sufficient nexus for venue.

With regard to the first prong, venue is appropriate in this District because

Defendants Michael Chertoff, Emilio T. Gonzales, and Robert S. Mueller, III, "reside" in

3

their official capacities in the District of Columbia. Their presence in this District is

significant not only because that facially satisfies the requirements of the first prong, but

because they are the people with the ultimate responsibility for the events and omissions

that have led to the unreasonable delay in processing of Plaintiff's application. See

Complaint ¶¶ 3-6 . Plaintiff is not simply "naming high government officials as

defendants" (Cameron v. Thornburgh, 983 F.2d 253, 256) in this case, but asking the

Court to compel Defendants to carry out their obligations with regard to his application

as required by 5 U.S.C. §555(b) (requiring agencies to conclude matters submitted to

them within a reasonable time) as they have refused to do for the past 27 months.

    With regard to the second prong, venue is appropriate in this District because of

the essential importance of FBI action in the adjudication of Plaintiff's application. As

stated by Defendants, "USCIS has not yet scheduled Plaintiff's interview, because his

name checks are not complete." See Memorandum in Support of Motion to Transfer, pg

1. This same statement has been made to the Plaintiff in response to his queries, including

his most recent contact with Agent 478LM on 2/25/08. Because FBI operations are based

in the District of Columbia, because the completion of FBI name checks are required for

the processing of Plaintiff's application (8 C.F.R. § 335.2(b) ), and because the delay of

these FBI-processed name checks is the apparent reason for the delay in adjudicating

Plaintiff's application, it is clear that there are substantial omissions giving rise to

Plaintiff's claim attributable to this District.

4

**A.     Plaintiff Could Not Have Brought This Case in the Eastern District of North Carolina.**

Plaintiff could not have brough this case in the Eastern District of North Carolina. That district, unlike this one, has determined that it does not have jurisdiction to hear claims regarding unreasonable delays in the processing and adjudication of naturalization applications under either the Mandamus Act or the Administrative Procedure Act. See Ibrahim v. Chertoff, 2007 U.S. Dist. LEXIS 95036 . As such, Plaintiff has brought his case in the only District in which both venue is appropriate, and his case can be heard on its merits.

**B.     The Private Interests Favor Denial of Transfer to the Eastern District of North Carolina.**

The private interests in this case favor denial of transfer. As stated above, the factors to be considered when assessing private interests include: "(1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;  and (6) the ease of access to sources of proof." Trout Unlimited, 944 F.Supp. at 16.

> 1.  The first and fourth factor support denial of transfer, in that Plaintiff has chosen this forum and Defendants' convenience is in no way detracted from by this choice. Defendants reside in the District of Columbia, and have provided no information on which to base a determination that it would be

substantially, or at all, more convenient on their part for this case to be heard in the Eastern District of North Carolina as opposed to this District.

2.  The second factor does not strongly support transfer. In their memorandum, the Defendants state their reasons for choice of forum as being the location of the Plaintiff's residence, that the Charlotte Field Office has the strongest connection to the case, and because the Eastern District of North Carolina would have jurisdiction if there continued to be unreasonable delays after Plaintiff is finally examined by USCIS. The first of these reasons is of import to the Plaintiff, not the Defendants. The second involves an Office that is not a party to this suit. The third is of no practical import at this time, as it is grounded on speculation regarding future delay, not any current situation.

3.  The third factor supports denial of transfer. As discussed above, the delay in completing Plaintiff's name checks appears to be Defendants' explanation for the delay in processing Plaintiff's naturalization application, and the failure complete said name checks within a reasonable period is attributable to the FBI. Additionally, while Defendants argue that the Charlotte Field Office is "charged with and is responsible for adjudicating Plaintiff's pending application" (See Memorandum in Support of Transfer, pg 7), it is in fact the Defendants who, by their offices, have primary responsibility for such adjudication.

4.  The fifth and sixth factor do not strongly support transfer. There is no indication that any future witnesses would be unavailable in this District and

6

yet available in the Eastern District of North Carolina, nor is there any

indication that any necessary proof would be less available in this District.

## C.    Transfer Would Not Serve the Public Interest.

The public interest would not be served by the transfer of this case. Issues

factored into this determination include transferee's familiarity with the law governing

the case, the relative congestion of both courts in question, and local interests in deciding

local controversies. See Trout Unlimited, 944 F.Supp. at 16. Because this case is

governed by federal law, this District is as familiar with the relavent law as the proposed

transferee, so transfer would provide no benefit in this regard. Similarly, because the

level of congestion is relatively similar in both this District and the proposed transferee,

there would be no substantial benefit efficiency-wise in making the transfer.

With regard to the "local interest in having localized controversies decided at

home" (Abusadeh v. Chertoff, 2007 WL 2111036), the nexus between this case and the

District of Columbia as covered in the above discussion of venue would seem to make

the term "local controversy" inapplicable. Even one were to argue that the Eastern

District of North Carolina had such a "local interest" with regard to this case, that interest

cannot be considered particularly substantial when the proposed transferee court is

prevented by lack of jurisdiction from deciding the controversy.

**D.     Transfer is Not in the Interest of Justice**

        28 U.S.C §1404 allows for the transfer of civil actions when such transfer would

not only be in the interest of convenience, but also "in the interest of justice." 28 U.S.C

§1404(a). Here, transfer would not serve that interest, but would have the opposite effect.

Plaintiff has been waiting for adjudication of his naturalization application for 27 months,

20 months longer than the normal processing period for such an application. See

Complaint, ¶15. Defendants' only explanation for this delay is that Plaintiff's name

checks (for which Defendant Chertoff has responsibility, and an obligation under 5 USC

§555(b) to complete within a reasonable time) have not been completed . A transfer of

this case will not only further prolong the process of obtaining relief, but, because this

District is the only one with both venue and jurisdiction to hear Plaintiff's case, will

effectively prevent that case from ever being heard on its merits despite Defendants'

prolonged, unexplained, and unreasonable delay in adjudicating his application. Such an

action is not in the interest of justice, and as such transfer of this case is inappropriate

under 28 U.S.C §1404(a).

**II.     THE DEADLINE FOR DEFENDANTS' ANSWER SHOULD NOT BE
         DEFERRED.**

        There is no good cause for an enlargement of Defendants' deadline to answer.

Defendants had ample time during the 60-day period following service of Plaintiff's

complaint, and prior to filing their Motion to Transfer on the last day on which an

appearance could be entered to avoid default, in which to prepare an answer. Deferring

the deadline for Defendants' answer does less to "promote efficiency and conserve

resources" (Memorandum in Support of Motion to Transfer, pg 9) as it does to reward intentional delay.

## CONCLUSION

For the foregoing reasons, this Court shoud DENY Defendants' Motion to Transfer and retain venue in the District of Columbia.

Dated: March 7, 2008                          Respectfully Submitted,

Plaintiff: Murad Abdel Jabber Fakhouri
A# 073-723-547
N-400 Application # SSC*000935530
7027 Folger Drive
Charlotte, NC 28270
(704) 342-9645

## CERTIFICATE OF SERVICE

I hearby certify that I sent a copy of the forgoing to the Clerk of the United States

District Court for the District of Columbia to be filed, and served the Defendants via

certified mail at the following addresses:

Michael Chertoff
U.S. Department of Homeland Security,
2100 2nd St, SW
Washington, D.C. 20593

Emilio T. Gonzales
20 Massachusetts Avenue, NW,
Washington, D.C. 20529

Robert S. Mueller, III
J. Edgar Hoover Building
935 Pennsylvania Ave, NW
Washington, D.C. 20535-0001

Evelyn Upchurch
USCIS TSC,
4141 St. Augustine Rd.,
Dallas, TX 75227

The U.S. Attorney General
950 Pennsylvania Av, NW
Washington, DC 20530

The U.S. Attorney for the District of Columbia
501 Third St., NW
Washington, D.C. 20001

Murad Abdel Jabber Fakhouri