## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

MURAD ABDEL JABBER FAKHOURI,

                Plaintiff,

      v.

MICHAEL CHERTOFF, Secretary,
U.S. Department of Homeland Security, et al.,

            Defendants.

_____

Case Number: 1:07CV2257 (EGS)

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER AND FOR ENLARGEMENT OF TIME TO FILE ANSWER

**I.**    **THE EASTERN DISTRICT OF NORTH CAROLINA IS A MORE APPROPRIATE VENUE THAN THIS COURT.**

The Eastern District of North Carolina is the district in which Plaintiff's naturalization application is being adjudicated and the district in which Plaintiff resides. The only nexus between the District of Columbia and the case is the fact that three of the agency heads named as defendants have offices here. However those officials will have no direct involvement in the adjudication of Plaintiff's application, which is the only action the complaint seeks to compel. Accordingly, this is a case in which "[b]y naming high government officials as defendants, a plaintiff [is attempting to] bring suit here that properly should be pursued elsewhere." Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).

If this District heard every case involving an agency whose headquarters and/or high-ranking officials' offices are located in Washington, D.C., the Court's docket would quickly become unmanageable. Accordingly, the D.C. Circuit closely scrutinizes venue arguments based on federal agency defendants' presence in the District of Columbia. See Cameron, 983 F.2d at

256. Even when such defendants' presence makes venue technically proper in this District, courts frequently invoke their discretionary transfer authority pursuant to 28 U.S.C. § 1404(a) and transfer cases to districts with a closer nexus to the parties' dispute.  See, e.g., Abusadeh, 2007 WL 2111036, at *6-*9; Rosales v. United States, 477 F. Supp. 2d 213, 215-17 (D.D.C. 2007) (transferring case against federal agency to district in which the challenged events took place); Southern Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82, 86-89 (D.D.C. 2005) (concluding environmental case should be transferred to Utah where D.C. officials only set general policies and did not make specific decisions being appealed); Joyner v. District of Columbia, 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003) (holding that the case's only connection to Washington, D.C. was the situs of named federal government defendants and transferring to a district with which the case had several connections).

As discussed in Defendants' motion to transfer, there is extensive precedent from this Circuit holding that cases seeking review of actions being taken by agency field offices should be transferred to the district in which the field office is located, rather than being heard in Washington, D.C.  See Motion to Transfer, Dkt. Entry 6, at 3-4 ("Transfer Mot.").  Further, the District Judges in this District that have addressed this question have unanimously concluded that immigration mandamus actions alleging that agencies have unreasonably delayed their adjudication of a pending immigration application should be transferred to the district in which the USCIS office adjudicating that application is located.  See, e.g., Abusadeh v. Chertoff, 2007 WL 2111036, at *6-*9 (D.D.C. July 23, 2007) (transferring mandamus action seeking adjudication of naturalization application to Southern District of Texas because that was where the application was being adjudicated); Fayyaz v. Dep't of Homeland Security, No. 06-2016

(D.D.C. Oct. 25, 2007) (Transfer Mot. at Exhibit 2) (transferring mandamus action alleging

delay in adjudicating adjustment of status application to the Southern District of Texas because

that is where plaintiffs resided and the district in which the USCIS office with jurisdiction over

their applications was located); Poliakova v. Gonzales, No. 07- 1210 (D.D.C. Dec. 17, 2007)

(Transfer Mot. at Exhibit 3) (transferring mandamus action concerning adjustment of status

application to Southern District of Florida for the same reason).  Defendants' motion to transfer

is founded upon that precedent and is not, as Plaintiff implies, an attempt to delay the case.

       Plaintiff raises three principal arguments in his opposition memorandum.  First, he

contends that this is the only Court that can hear his claim because the Eastern District of North

Carolina has held that it lacks jurisdiction to review claims such as his.  See Dkt. Entry 7 at 5, 8

("Opp.").  Second, he argues that the case should be heard here because the FBI is located in

Washington, D.C.  See Opp. at 4.  Finally, he asserts that the high-level agency officials with

offices in Washington, D.C. have responsibility for adjudicating his naturalization application.

Those arguments are unpersuasive.

       The Eastern District of North Carolina is a district in which Plaintiff could have filed this

suit.  The first prong of the Section 1404 analysis asks whether venue would be proper in the

transferee court.  Venue clearly would be proper in the Eastern District of North Carolina, given

that Plaintiff resides in that district and the adjudication of Plaintiff's naturalization application is

being conducted there.  See 28 U.S.C. § 1391(e).  Plaintiff apparently fears that the Eastern

District of North Carolina would be a less favorable forum than this Court, because a District

Judge on that Court has dismissed a similar complaint for lack of jurisdiction.  See Opp. at 5, 8.

However, that does not make the Eastern District of North Carolina an improper forum under

Section 1404. Further, that judge's ruling is not binding upon other judges within that district, and therefore does not bar Plaintiff from pursing his claims in the Eastern District of North Carolina. In any event, Plaintiff would face the risk of dismissal even if the action remains in this Court, as Defendants will file a 12(b)(1) motion if the case is not transferred.[1] In sum, while the Eastern District of North Carolina may not be the District in which Plaintiff would prefer to present his claims, it plainly is a district in which the complaint could have been filed.

The FBI's involvement in the background check process does not make this an appropriate forum for Plaintiff's mandamus action. The complaint seeks an order compelling Defendants to complete the adjudication of Plaintiff's naturalization application. See Compl. at 9 (Prayer for Relief). Neither Director Mueller nor any other FBI employee has authority to perform that function. The FBI does not determine whether, when, or how a naturalization application will be adjudicated. Instead, the FBI conducts the background investigation and sends the results to USCIS. See Gottlieb Decl. ¶¶ 1, 8-9. The USCIS office with jurisdiction over the case (here, the Charlotte Field Office) monitors the FBI's completion of the background

---

[1] Three members of this Court have addressed district courts' jurisdiction to review mandamus cases seeking to compel USCIS to complete its adjudication of an adjustment of status application, and reached conflicting results. See Liu v. Novak, 509 F. Supp. 2d 1 (D.D.C. 2007) (finding jurisdiction) ; Orlov v. Howard, 523 F. Supp. 2d 30 (D.D.C. 2007) (dismissing for lack of jurisdiction); Luo v. Keisler, 521 F. Supp. 2d 72 (D.D.C. 2007) (dismissing for lack of jurisdiction). However, the jurisdictional defenses Defendants raise in naturalization cases in which the Plaintiff has not yet been "examined" are different from the jurisdictional arguments presented in Liu, Orlov, and Luo, and are founded upon the regulations and statutory provisions making completed background checks a prerequisite to naturalization interviews and final decisions on naturalization applications. See, e.g., Omar v. Mueller, 501 F. Supp. 2d 636, 640 (D.N.J. 2007) (concluding USCIS had no duty to complete adjudication of naturalization application prior to completion of background checks because its regulations require USCIS to schedule the interview after the background check results have been received); see generally 8 U.S.C. §§ 1446(a), 1447(b); 8 C.F.R. § 335.2(b).

investigation, and that office will make the final decision on Plaintiff's application.  See id.¶¶ 8-9.  Accordingly, the pace of the FBI's investigation is not the core issue in this case.  Instead, "the action that Plaintiff seeks this Court to compel is one that will occur in"  Charlotte, North Carolina.  Abusadeh, 2007 WL 2111036, at *6; see also id. at *7 (concluding "the fact that the FBI . . . may play a role in the processing of Plaintiff's application . . . does not alter the fact that the ultimate decision on Plaintiff's application for naturalization . . . will be made" at the USCIS field office).

Plaintiff's assertion that agency officials located in Washington, D.C. have primary responsibility for adjudicating his application is mistaken.  Adjudication of naturalization applications occurs in the USCIS District Office where the applicant resides, not in Washington D.C.  See 8 C.F.R. § 316.3.  The Charlotte Field Office is conducting that adjudication.  See Gottlieb Decl. ¶¶ 8-9.  Therefore, "the relevant decision-makers are not Secretary Chertoff, Director Gonzalez, and Director Mueller, but rather . . . the decision-makers at the USCIS Office in [North Carolina]."  Abusadeh, 2007 WL 2111036, at *6.  The Eastern District of North Carolina has a superior interest in resolving disputes concerning the actions of those decision-makers.  See id. at * 8 (concluding that the "local interest in having localized controversies decided at home . . . applies to ... controversies requiring judicial review of an administrative decision").

In sum, this Court should transfer venue to the Eastern District of North Carolina, because venue is proper in that district and that is the district in which the pertinent events are taking place.  28 U.S.C. § 1404(a) does not require a demonstration that venue is completely inappropriate where Plaintiff filed his lawsuit; instead, transfer is appropriate upon a showing

5

that venue is more proper in the local area where Plaintiff argues that his alleged harm has occurred.  In this case, venue is more appropriate in the Eastern District of North Carolina than in this Court, because that is where Plaintiff resides and that is where the naturalization application is being adjudicated.

## II.    THE DEADLINE FOR DEFENDANTS' ANSWER SHOULD BE DEFERRED PENDING RESOLUTION OF THE MOTION TO TRANSFER.

Defendants also request that the Court defer the deadline for their answer until after it has resolved the parties' venue dispute.  As noted in the motion to transfer, Defendants expect to file a dispositive motion pursuant to Rule 12(b) in lieu of an answer.  Venue is a threshold issue that must be resolved before the Court reaches the merits of a 12(b) motion or any other dispositive motion the parties may file.  Enlarging the deadline for Defendants' answer would allow that threshold issue to be resolved before the parties brief the merits in dispositive motions.

Defendants' enlargement request is not, as Plaintiff suggests, an attempt to intentionally delay the case.  It simply reflects the practical realities of transferred cases.  If cases are transferred with pending motions, those motions often must be re-filed in the transferee court or, at a minimum, supplemented to incorporate the transferee court's precedent.  As Plaintiff admits, there is some precedent from the Eastern District of North Carolina concerning the jurisdictional defenses that Defendants will raise in their 12(b)(1) motion.  See Ibrahim v. Chertoff, 529 F. Supp. 2d 611 (E.D.N.C. 2007).  In contrast, this Court has not yet ruled on the issue, but has addressed the scope of judicial review of other immigration matters.  Given that parties typically must address local precedent when filing substantive motions, the 12(b)(1) motion filed in the Eastern District of North Carolina would likely differ from the 12(b)(1) motion that would be filed if the case remains here.  Having the dispositive motions prepared and filed by the attorney

6

who will litigate the merits of the case, after all venue issues have been resolved, is therefore more efficient, and avoids duplicative filings.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Motion to Transfer, Defendants respectfully request that the Court GRANT their motion to transfer this case to the Eastern District of North Carolina, and GRANT Defendants' motion for an enlargement of the deadline for their answer.

Dated: March 21, 2008                Respectfully submitted,


      /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


      /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


     /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

*OF COUNSEL:*

Toinette Mitchell
Associate Regional Counsel
Department of Homeland Security, U.S. Citizenship and Immigration Services

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of March, 2008, I caused a copy of the foregoing to

be filed through the Court's Electronic Case Filing System, and served via first class mail,

postage prepaid, addressed to:

Murad Abdel Jabber Fakhouri
7027 Folger Drive
Charlotte, NC 28270

_____/s/ Robin M. Meriweather_____
ROBIN M. MERIWEATHER

8